IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HERBERT S. MONCIER, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:12-0145 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| NANCY S. JONES and other unknown | ) | |
| officers of the State of Tennessee, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff, Herbert S. Moncier, filed this action under 42 U.S.C. § 1983 against the Defendants: State of Tennessee and Nancy S. Jones, chief disciplinary counsel of the Board of Professional Responsibility. Plaintiff's claims arise out of his disciplinary proceeding before a hearing panel of the Board of Professional Responsibility. On June 1, 2011, the Tennessee Supreme Court issued an Order of Enforcement affirming the judgment of the hearing panel finding that Plaintiff had violated certain of the Tennessee Rules of Professional Conduct and imposing an eleven-month, twenty-nine day suspension from the practice of law, with all but forty-five days of the suspension probated.

Plaintiff's claims are that during his disciplinary proceedings, Defendant Jones violated his rights under the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks two million dollars ($2,000,000) in compensatory and punitive damages. Although named as a party, the Defendant State of Tennessee is not alleged to have committed any acts. Neither Defendant Jones nor Defendant State of Tennessee was served until

1

March 28, 2012. (Docket Entry No. 9, 10).

On April 17, 2012, Defendant Jones filed her motion to dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Docket Entry No. 5). On May 7, 2012, Plaintiff requested an extension of time to respond to the pending motion to dismiss, citing that as a pro se litigant, he was not registered with the Court's electronic filing system and had not timely received Defendant Jones' motion to dismiss. (Docket Entry No. 16). This Court granted that motion and gave Plaintiff until May 31, 2012 to file his response. (Docket Entry No. 17). At that time, Plaintiff also filed a motion seeking pro se CM/ECF access, (Docket Entry No. 15), that the Court granted for this action only. (Docket Entry No. 18). Plaintiff subsequently registered as a Filing User of the Court's CM/ECF system.

In response to Defendant Jones' motion to dismiss, Plaintiff filed an amended complaint with fifteen claims for damages against Defendant Jones in her individual capacity, but also sought injunctive relief against Defendant Jones on behalf of Plaintiff and all other licensed attorneys in Tennessee who may be subject to disciplinary proceedings. (Docket Entry No. 22). Jones filed a motion to dismiss this amended complaint on August 21, 2012. (Docket Entry No. 24). Plaintiff did not file a response to that motion to dismiss nor take any further action to prosecute this action.

On December 12, 2012, this Court entered an Order granting Defendant Jones' motion to dismiss the amended complaint on grounds of absolute immunity. (Docket Entry No. 27). The Court also concluded that the Defendant State of Tennessee was not a person suable under 42 U.S.C. § 1983.

Before the Court are the following motions: (1) Plaintiff's motion to alter or amend or for

additional findings under Fed. R. Civ. P. 52 and 59 (Docket Entry No. 29); (2) Plaintiff's motion for relief from final judgment under Fed. R. Civ. P. 60(b) (Docket Entry No. 30); and (3) Plaintiff's motion to file a second amended complaint and to supplement under Fed. R. Civ. P. 15 (Docket Entry No. 31). Plaintiff also filed his response to Jones' motion to dismiss his amended complaint. (Docket Entry No. 32).

### A. Motion For Additional Findings to Alter or Amend

Plaintiff's first motions are for additional findings under Fed. R. Civ. P. 52(b) and to alter or amend under Fed. R. Civ. P. 59. Fed. R. Civ. P. 52(a) provides that in "an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." Yet, the "court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Fed. R. Civ. P. 52(a)(3). Here, the Court's ruling was on Defendant Jones' motion to dismiss under Rule 12(b) and by the plain language of Rule 52(a)(3), findings were not required. See also Somers Coal Co. v. United States, 2 F.R.D. 532 (N.D. Ohio 1942) (decision on the motions and pleadings, are not "tried upon the facts").

For relief on his motion to alter or amend, Plaintiff must show: (1) an intervening change in controlling law; (2) new evidence previously unavailable; or (3) a clear error of law to prevent a manifest injustice. Helton v. ACS Group, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997). Such relief is extraordinary and is granted sparingly to promote finality, Sussman v. Salem, Saxon & Nielsen, P.A., 153 F. R. D. 689, 694 (D.C. Fla. 1994) and cannot be employed to relitigate issues previously decided. Keweenaw Bay Indian Community v. Michigan, 784 F. Supp. 418 (W.D. Mich. 1991), aff'd 11 F.3d 1341 (6th Cir. 1993).

3

Plaintiff does not specify any of the three grounds, but his motion suggests a clear error of law or manifest injustice. In his motion, Plaintiff argues that because "State was sued for declaratory and prospective injunctive relief that is not barred by the Eleventh Amendment." Yet, Plaintiff's amended complaint sought injunctive relief only against Defendant Jones. (See Docket Entry No. 22, Amended Complaint at ¶¶ 41, 46, 66, 78, 79, 100, 107, 116, 125, 139, 147, 157, 164, 170, 178, 184, and 197).

> Par. 41  Plaintiff sues Defendant Jones pursuant to 42 U.S.C. § 19833 for prospective injunctive relief for himself and all Tennessee attorneys that Defendant Jones train Tennessee hearing panels to provide Tennessee attorneys U.S. Const. Fourteenth Amendment Due Process quasi-criminal constitutional protections.
>
> Par. 46  Pursuant to 42 U.S.C. § 1988 Plaintiffs moves for a prospective injunction against Defendant Jones from in any manner enforcing any result of Plaintiff's attorney disciplinary proceeding, including but not limited to payment of attorney fees and costs, until such time as Plaintiff is provided a U.S. Const. Fourteenth Amendment constitutionally compliant disciplinary proceeding wherein he is entitled to present his federal constitutional claims.
>
> Par. 66  Plaintiff pursuant to 42 U.S.C. § 1988 sues Defendant Jones for a prospective injunction prohibiting her from instituting or prosecuting attorney disciplinary proceedings against Plaintiff, or any attorney in the State of Tennessee, based on Plaintiff or any attorney exercising First Amendment Petition Clause protected activities.
>
> Par. 78  Plaintiff brings this action for himself and all attorneys in Tennessee pursuant to 28 U.S.C. § 2202 and 42 U.S.C. § 1988 for a prospective injunction relief against Defendant Jones prohibiting her from enforcing in any manner, including collection of attorneys fees or cost, the hearing panel judgment in Plaintiff's case that did not afford Plaintiff a quasi-criminal attorney disciplinary proceeding and Sixth and Fourteenth Amendment protections specified herein.
>
> Par. 79  Plaintiff brings this action for himself and all attorneys in Tennessee pursuant to 28 U.S.C. § 2202 and 42 U.S.C. § 1988 for a prospective injunction relief against Defendant Jones requiring that she train Tennessee hearing panels to provide Plaintiff and Tennessee attorneys a quasi-criminal

attorney disciplinary proceeding and Sixth and Fourteenth Amendment protections specified herein.

Par. 100   Plaintiff sues Defendant Jones for himself and all attorneys in Tennessee pursuant to 42 U.S.C. § 19898 for a prospective injunction requiring that she comply with the U.S. Const. Fourteenth Amendment Due Process Clause requirement to provide Plaintiff and all attorneys in Tennessee pre-hearing notice of charges of misconduct and that (2) she train Tennessee hearing panels to apply the Fourteenth Amendment Due Process Clause notice protections in Tennessee attorney disciplinary proceedings.

Par. 107   Plaintiff sues Defendant Jones for himself and for all attorneys in Tennessee pursuant to 42 U.S.C. § 1988 for a prospective injunction requiring Defendant Jones to train Tennessee hearing panels to provide Tennessee attorneys their Sixth and Fourteenth Amendment right to compulsory process.

Par. 116   Plaintiff sues Defendant Jones for himself and for all attorneys in Tennessee pursuant to 42 U.S.C. § 1988 for a prospective injunction requiring Defendant Jones to train Tennessee hearing panels to provide Tennessee attorneys their Sixth and Fourteenth Amendment right to cross-examine witnesses and for hearing panel make decisions under Tenn. R. Evid. 103 rulings as to any objections presented to any questions on cross-examination.

Par. 125   Plaintiff sues Defendant Jones for himself and for all attorneys in Tennessee pursuant to 42 U.S.C. § 1988 for a prospective injunction requiring Defendant Jones to train Tennessee hearing panels to provide Tennessee attorneys their Sixth and Fourteenth Amendment right to confront and cross-examine witnesses and to exclude out of hearing testimonial declarations.

Par. 139   Plaintiff sues Defendant Jones for himself and all Tennessee attorneys pursuant to 42 U.S.C. § 1988 for a prospective injunction requiring Defendant Jones to comply with the Sixth and Fourteenth Amendment by not interfering with the impartiality and independence of hearing panels.

Par. 147   Plaintiff sues Defendant Jones for himself and all other Tennessee attorneys pursuant to 42 U.S.C. § 1988 for a prospective injunction prohibiting Defendant Jones from instituting disciplinary investigations during disciplinary hearing against attorneys who are representing attorneys in the hearing.

Par. 157   Plaintiff sues Defendant Jones for himself and for all attorneys in Tennessee pursuant to 42 U.S.C. § 1988 for a prospective injunction requiring Defendant Jones to obtain approval of the Board for charges prior to Disciplinary Counsel filing a formal disciplinary proceedings on those charges.

Par. 164   Plaintiff sues Defendant Jones pursuant to 42 U.S.C. § 1988 for himself and for all attorneys in Tennessee pursuant to 42 U.S.C. § 1988 for a prospective injunction requiring Defendant Jones to obtain approval of the Board prior to seeking review of judgments of hearing panels or reviewing courts.

Par. 170   Plaintiff sues Defendant Jones pursuant to 42 U.S.C. § 1988 for himself and for all attorneys in Tennessee pursuant to 42 U.S.C. § 1988 for a prospective injunction requiring Defendant Jones to obtain approval of the Board prior to seeking review of recommendations of discipline by hearing panels in the Tennessee Supreme Court.

Par. 178   Plaintiff sues Defendant Jones pursuant to 42 U.S.C. § 1988 for himself and for all attorneys in Tennessee pursuant to 42 U.S.C. § 1988 for a prospective injunction requiring Defendant Jones to obtain approval of the Board prior to seeking review of recommendations of discipline by hearing panels in the Tennessee Supreme Court. (repeat of paragraph 170).

Par. 184   Plaintiff sues Defendant Jones pursuant to 42 U.S.C. 1988 for himself and for all attorneys in Tennessee pursuant to 42 U.S.C. § 1988 for a prospective injunction requiring Defendant Jones to cease making decisions adverse to attorneys in star chamber proceedings and without providing attorneys Fifth and Fourteenth Amendment meaningful notice and an opportunity to be heard and access to Tennessee's courts for review of her decisions.

Par. 197   Plaintiff sues Defendant Jones for himself and all attorneys in Tennessee pursuant to 42 U.S.C. § 1988 for a prospective injunction prohibiting Defendant Jones from compelling Plaintiff or Tennessee attorneys to forego their Fourth 15 and Fourteenth Amendment rights to be free from unreasonable searches without a order from a judge based on probable cause.

(Docket Entry No. 22, Amended Complaint).

Further, Defendant Jones is no longer Chief Disciplinary Counsel and any prospective injunctive relief against her is moot. To the extent that Plaintiff's proposed second amended complaint seeks injunctive relief against the new Disciplinary Counsel of the Board of Professional Responsibility, there are not any factual allegations necessary for a case or controversy or injunctive relief. For a "case or controversy" Plaintiff must allege plausible facts evincing a "threat of injury" that must be both "real and immediate" not "conjectural" or

"hypothetical." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). As to declaratory relief, a "subjective fear" about a possible future adverse action is insufficient to state a "case or controversy". Preiser v. Newkirk, 422 U.S. 395, 403 (1975). For standing to maintain an action for injunctive relief under 42 U.S.C. § 1983 for an alleged deprivation of a federally protected right, the Supreme Court has held that "[t]he equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again -- a `likelihood of substantial and immediate irreparable injury.'" Lyons, 461 U.S. at 111 (citation omitted). Such allegations are not present here.

For relief against the State of Tennessee, Will rests upon the statutory construction of the word "person" in Section 1983 and is not based upon the Eleventh Amendment analysis because Will involved a state court action where the Eleventh Amendment does not apply. 491 U.S. at 63-64 and 491 U.S. at 71. ("Because this case was brought in state court, the Eleventh Amendment is inapplicable here") (Brennan, J. dissenting). See also Lupo v. Voinovich, 235 F. Supp.2d 782, 789 (S.D. Ohio 2002) ("[a]s a matter of statutory construction, the Supreme Court has held that a state government is not a "person" as that term is used in 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) . . . the Court in Will found that § 1983, by its language, does not apply to state entities, because Congress did not intend the word "person" to include such entities. Consequently, even aside from its general Eleventh Amendment immunity, a state is beyond the reach of § 1983 as a matter of statutory construction."). Thus, any claim for relief against the State of Tennessee is unavailable in this action as a matter of law.

## B. Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)

For this motion, Plaintiff alleges that "CM/ECF Docs. 24-28 filed in this case since August 21, 2012, were automatically placed by Plaintiff's email into an email file that had been made inactive," since Plaintiff's suspension from his legal practice in the Eastern District of Tennessee on April 29, 2008. (Docket Entry No. 30 at 2). Sometime after April 2008, Plaintiff asserts that he changed email programs and his "former email rule directed all CM/ECF emails into the inactive email file previously set to receive CM/ECF federal filings, and Plaintiff's present email did not place those pleadings in Plaintiff's in box." Id.

Rule 60(b) permits a district court to grant a motion for relief from a final judgment for any of the following reasons:

> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5), the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

As to whether relief is appropriate under Rule 60(b)(1), courts consider: "(1) culpability – that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." Flynn v. People's Choice Home Loans, Inc., 440 Fed. Appx. 452, 457-58 (6th Cir. 2011) (quoting Gumble v. Waterford Twp., 171 Fed. Appx. 502, 506 (6th Cir. 2006)).

For purposes of Rule 60(b), "excusable neglect" includes "situations in which the failure to comply with a filing deadline is attributable to negligence" for which the Court is to consider five factors for determining whether neglect is excusable: "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship, 507 U.S. 380, 394-95 (1993). While all of these factors are considered, Courts place greater weight to whether the moving party reasonably controlled the circumstances causing the delay. Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 n. 7 (2nd Cir. 2003) (citing Graphic Communications Int'l Union, Local 12 – N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5-6 (1st Cir. 2001)). For example, failure to respond to summary judgment is inexcusable neglect. Kendall v. Hoover Co., 751 F.2d 171, 175 (6th Cir. 1984); Carter v. C.I.R., 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigant must abide by rules of court).

District courts can "prescribe rules for the conduct of their business" in any manner not inconsistent with the federal rules or Acts of Congress. United States v. Warren, 601 F.2d 471, 473 (9th Cir. 1979); 28 U.S.C. § 2071. Administrative Order No. 167 and Local Rule 5.03 of this Court require all civil, criminal and miscellaneous actions filed on or after July 5, 2005 to be filed on the Court's CM/ECF filing requirements unless exempted by the presiding judge. Administrative Order No. 167 adopted Administrative Practices and Procedures for Electronic Case Filing and Section 6 of those Procedures provides, in pertinent part:

> Electronic transmission of a document to the Electronic Filing System, together with the transmission of a Notice of Electronic Filing from the Court, constitutes filing of the document for all purposes under the Federal Rules of Civil and

> Criminal Procedure and the Local Rules of this Court, and constitutes entry of the
> document on the docket kept by the Clerk under Fed. R. Civ. P. 58 and 79 and
> Fed. R. Crim. P. 49 and 55.

Section 7 provides that "[r]egistration as a Filing User constitutes consent to electronic service of all documents as provided herein, by the Local Rules of the Court and by an applicable rule of procedure." Under Section 9 "the Notice of Electronic Filing generated by the Court's Electronic Case Filing System (CM/ECF) shall constitute service of the electronically filed document on persons registered as Electronic Filing Users." Section 10 provides that the Clerk's electronic transmission of the Notice of Electronic Filing of an order or judgment "shall constitute notice as required by Fed. R. Civ. P. 77(d) and Fed. R. Crim. P. 49(c).

Yet, Section 12 provides that a "Filing User whose filing is made untimely as the result of a Technical Failure may seek appropriate relief from the Court." "Technical Failure" is defined as

> a malfunction of the Court's Electronic Filing System or the telecommunications
> facilities through which the system is accessed which prevents a Filing User from
> filing a document electronically. *Technical Failure does not include a malfunction
> of a Filing User's computer and/or telecommunications facilities which prevents
> a Filing User from electronically filing a document.*

(emphasis added). Here, Plaintiff sought and the Court granted him permission to register as a Filing User of the ECF system. (Docket Entry Nos. 15, 18). As a registered User, Plaintiff was required to comply with Local Rule 5.03 and Administrative Order No. 167. Under these provisions, notice of docket activity is provided by email and Plaintiff consented to electronic services of all documents, including Orders of this Court.

Moreover, parties have an affirmative duty to monitor the dockets for entry of orders. Yeschick v. Mineta, 675 F.3d 622, 629 (6th Cir. 2012) (citing Kuhn v. Sulzer Orthopedics, Inc.,

498 F.3d 365, 370-71 (6th Cir. 2007); Reinhart v. U.S. Dept. of Agriculture, 39 Fed. Appx. 954, 956-57 (6th Cir. 2002)). In Yeschick, petitioner sought relief under Rule 60(b)(1) from an order granting summary judgment on the grounds that his counsel had failed to receive notice of the filing of the motion until the district court's judgment was docketed. 675 F.3d at 627. Petitioner's counsel alleged that after his email address was changed in May 2009, he had no notice that electronic notifications sent by the court clerk were "bounced" until notification in an unrelated case at which point he notified the court of his correct email address and began successfully receiving electronic notifications. Id. However, during the time period when petitioner's counsel was not receiving electronic notifications through the court's CM/ECF system, but petitioner's counsel did not attempt to check the docket. Id. The Sixth Circuit affirmed the district court's finding that counsel's failure to monitor the docket furnishes evidence of a lack of diligence rather than excusable neglect and upheld the denial of relief under Rule 60(b)(1). Id. at 630-31.[1]

---

[1] Other circuits are in accord. See, e.g., State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 177 (2d Cir. 2004) (citing 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2858, at 288-89 (2d ed. 1995) ("insufficient showings for relief [under Rule 60(b)(1)] . . . include when the party or attorney did not act diligently"); Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 413 (4th Cir. 2010) (finding that counsel's technical difficulties with CM/ECF not excusable neglect where counsel failed to actively monitor the court's docket or find some other means by which to stay informed of docket activity); Evans v. United Life & Accident Ins. Co., 871 F.2d 466, 472 (4th Cir. 1989) ("lawyer's ignorance of carelessness do not present cognizable grounds for relief under [Rule] 60(b)"); Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 357 (5th Cir. 1993) (finding that "[a] party has a duty of diligence to inquire about the status of a case"); Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir. 2004) (noting that "attorney inattentiveness to litigation is not excusable, not matter what the resulting consequences the attorney's somnolent behavior may have on a litigant"); Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) (finding that "a litigant who invokes the processes of the federal court is responsible for maintaining communication with the court during the pendency of his lawsuit"). Gibson Michaels v. Bair, 255 F.R.D. 306, 307 (D.C. Cir. 2009) (failure to receive notice of filing did not absolve counsel

Here, after filing his amended complaint on May 31, 2012, Plaintiff does not assert that he made any attempt to check the docket for any filings in this action until a "friend . . . contacted Plaintiff to say she was sorry." (Docket Entry No. 30 at 1). Plaintiff did not provide any notice of his lack of receipt of CM/ECF filings. Plaintiff concedes that he received the recent electronic notifications in this action, but cites therein "automatically placed by a email rule into the filed that was made inactive after the April 29, 2008 suspension from use of CM/ECF in the Eastern District." (Docket Entry No. 30 at 2). After Plaintiff changed his email program on April 29, 2008, all CM/ECF emails were directed into an inactive email file instead of his in box. Id.

Plaintiff should have expected the filing of an answer or motion to dismiss by the Defendants and owed an affirmative duty to check the court's docket to remain informed about this action. Had Plaintiff done so during the nearly four months between the time that the motion to dismiss the amended complaint was filed and this Court entered its Order, Plaintiff would have learned that a dispositive motion had been filed, and he could have taken steps to respond to the motion properly. The Court concludes that Plaintiff's failure to respond to the motion to dismiss as a result of his computer difficulties does not constitute excusable neglect. See Yeschick, 675 F.3d at 631. Accordingly, the Court concludes that Plaintiff's motion for relief pursuant to Fed. R. Civ. P. 60(b)(1) should be denied.

### C. Motions to File a Second Amended Complaint and to Supplement.

Plaintiff's next motions are for leave to file his second amended complaint and to supplement seek to add claims for declaratory and prospective injunctive relief against the State of Tennessee that is futile for these reasons stated earlier. Thus, any amendment of Plaintiff's

---

of his "affirmative duty to stay apprised of the status of the case").

complaint on this basis would be futile that is ground for denial. Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000).

Plaintiff makes only conclusory allegations that Defendant Jones acted outside her authority. Courts "no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action." New Albany Tractor, Inc. v. Louisville Tractor, Inc., 650 F.3d 1046, 1050 (6th Cir. 2011). Plaintiff must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and allow the Court to assess whether "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

For the reasons stated earlier, Plaintiff's submissions on these motions fail to present a claim for relief. Moreover, Plaintiff proposed amended complaint contains conclusory legal conclusions couched as a factual allegation. In light of the clear deficiencies in the amended complaint, Plaintiff's motion to file a second amended complaint and to supplement should be denied.

An appropriate Order is filed herewith.

Entered this the ___ day of April, 2013

William J. Haynes, Jr.,
Chief Judge
United States District Court